THE EAST OHIO GAS COMPANY, APPELLEE, *v.* WALKER ET AL., APPELLANTS.

(No. 37322—Decided August 17, 1978.)

*Messrs. Ginn & Haase,* for appellee.
*Mr. Jerome Dachman,* for appellants.

KRENZLER, P. J. The plaintiff-appellee, The East Ohio Gas Company, hereinafter referred to as the appellee, filed an amended complaint on June 16, 1975, in The Cleveland Municipal Court against defendant-appellant, Edith Walker, hereinafter referred to as the appellant, and defendant Thomas Walker, alleging that defendants owed appellee $313.69 upon account. Copies of the accounts were attached as exhibits. These accounts depict amounts owed for gas service rendered to the premises at 1323 East 91st Street, Cleveland, Ohio. The defendants filed separate answers denying the allegations of the complaint. The appellant further asserted in her answer that during the months of October, November, December, 1973, through and in-

cluding January 11, 1974, the premises were in the sole and exclusive control, care aand management of defendant Thomas Walker during that period of time; that the obligation to the appellee is that of Thomas Walker; and that prior to January 25, 1974, the appellant had not contracted with the appellee to furnish gas to the premises.

On October 22, 1976, the trial judge entered the following judgment:

"Case called. All parties present except defendant Edith Walker and her counsel. Trial held. Case dismissed as to Thomas Walker. Judgment for the Plaintiff in the amount of $313.69 plus costs vs Defendant Edith Walker."

On October 28, 1976, the appellant filed a motion to vacate the judgment under Civ. R. 60(B) and for a new trial under Civ. R. 59(A) accompanied by a brief in support of the motion and an affidavit of appellant's counsel. In her motion the appellant alleged the following relevant facts:

"Defendant says that she appeared for trial accompanied by counsel on October 21, 1976. Defendant's counsel made the Court aware of such presence through the bailiff. At the time the case was called defendant and defendant's counsel were inadvertently not called and thereby excluded from the proceedings which took place in chambers. At said proceedings judgment was taken against defendant Edith Walker.

"Defendant says that she and defendant's counsel were present, ready, and willing to go to trial. Further, that defendant's counsel made the court aware of such presence through the bailiff. Since the bailiff was aware of defendant's counsel's presence and defendant and defendant's counsel were excluded from the proceedings, defendant prays for a new trial pursuant to Ohio Civil Rule 59(A)(1) and (3) or in the alternative for relief from judgment pursuant to Ohio Civil Rule 60B."

The brief in support of the appellant's motion contains the following pertinent factual allegations:

"It has been held that a motion for relief from judgment pursuant to Rule 60B must present material which demonstrates: (1) Timeliness of the motion. (2) Reasons

for seeking relief. (3) A defense, *Adomeit* v. *Baltimore*, 68.00 2d 251, 39 O App 2d 97.

"Ohio Civil Rule 60B requires that in order for a motion to be timely, it must be filed within a reasonable period of time or one year, whichever is less. This motion, as can be ascertained from the Clerk's stamp, was filed within ten (10) days of the judgment entry and consequently is certainly timely.

"The operative facts in the instant case succinctly put are: defendant and defendant's counsel were present at the time of trial, but were never called to the proceedings which took place in chambers. These facts clearly fall within the framework of Ohio Civil Rule 60B(1). The attached affidavit provides additional evidence of such operative facts.

"Finally, defendant says she has a good and complete defense to the Complaint. First, defendant, Edith Walker, says that she was never indebted to plaintiff and she never contracted for plaintiff's services which are the basis of plaintiff's accounts. Further, defendant, Edith Walker, says that the obligation to plaintiff is that of defendant Thomas Walker as he had exclusive use, management, and collected rents of the premises during the period of time in question, to-wit: September through December, 1973."

In the affidavit attached to the motion appellant's counsel alleged the following operative facts:

"I, Terrence Durica, do hereby state that on October 21, 1976, I, acting as counsel for defendant Edith Walker in the Cleveland Municipal Court Case No. B-99584 was present in and about the appointed court room and chambers at the time appointed for trial.

"Further, I made my presence known to the Court's bailiff; however, when the case was heard in chambers, neither myself nor the defendant, Edith Walker, who was also present, were called into chambers. Further affiant sayeth not."

The appellee did not file a brief in opposition to the appellant's motion nor did it file any affidavits or submit any controverting facts to the trial court.

The trial judge overruled the appellant's motion to vacate the judgment and for a new trial. The appellant filed a timely appeal and assigns the following error for our review:

"The trial court erred when it denied defendant's motion for a new trial pursuant to Ohio Civil Rule 59 and in the alternative to vacate the judgment pursuant to Ohio Civil Rule 60."

We will first consider the appellant's motion to vacate the judgment.

The Ohio rule dealing with relief from judgment is Civ. R. 60(B) which provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due dilligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

The express language of this rule and subsequent case law have established three requirements that must be met to prevail on a motion under the rule. The movant must demonstrate that: (1) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); (2) the party has a meritorious defense or claim to present if relief is granted; and, (3) the motion is filed within a rea-

sonable time and for reasons stated in Civ. R. 60(B)(1), (2) and (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 150-151; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 102-103.

In *Adomeit* v. *Baltimore, supra,* we held that each of these three requirements must be demonstrated by operative facts presented in materials accompanying the motion. Our emphasis in that case was on the necessity of putting forth such operative facts and of not relying upon mere conclusions of law in requesting relief from judgment. In the present case we are concerned with the question of the proper form or qualitative nature that such evidence must take in order for a movant to prevail under Civ. R. 60(B). With regard to this issue it was suggested in *Adomeit* v. *Baltimore, supra,* that the rigid procedures of Civ. R. 56 regarding material that may be submitted in support of and in opposition to motions for summary judgment were an excellent guide to be followed in seeking relief under Civ. R. 60(B).

The specific issue that we must now decide is whether unsworn allegations of operative facts which are contained in a brief or in the motion itself but not presented by affidavit or other evidentiary materials are sufficient upon which to grant a vacation of a judgment. To pose the question in another manner, does a vacation of judgment pursuant to a motion under Civ. R. 60(B) require factual allegations in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath? Our conclusion is that such evidentiary standards must be met to prevail upon a motion for relief from judgment. *Accord, Tom McSteen Co.* v. *Thomas Maloney Inc.* (1974), 39 Ohio App. 2d 31; *Contra, Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209; *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319.

When considering a request pursuant to Civ. R. 60(B) the court is asked to vacate a judgment to which attaches a presumption of regularity, *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72, as well as the legal principle

that there should be finality in every case, and that once a judgment is entered it should not be disturbed without good cause. *Advance Mortgage Corp.* v. *Novak* (1977), 53 Ohio App. 2d 289, 291; *Adomeit* v. *Baltimore, supra* at 100. Vacation of such judgments, therefore, should not be granted lightly. The movant bears the burden of proving his allegations in support of his motion. *Adomeit* v. *Baltimore, supra,* at 102-103. It is not too heavy a burden to require that the factual information presented be of sufficient quality to sustain a vacation of the judgment by meeting evidentiary standards. Such evidence should be in the form of affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony.

While Civ. R. 60(B) does not specifically impose such requirements upon a movant, in the administration of these rules, it is necessary for the courts to expand upon them in order to insure their fair and orderly implementation. It is a well recognized principle of law that courts may interpret rules and statutes where they are vague or silent as to details necessary for their just application.

Further we note that Local Rule 11 of the Common Pleas Court of Cuyahoga County provides in part as follows:

"(B) The moving party shall serve and file with his motion a brief written statement of reasons in support of the motion and a list of citations of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all affidavits, depositions, photographs or documentary evidence he desires to present in support of the motion."

This rule clearly gives notice to the local practicing bar that proper evidentiary materials are required to accompany all motions, including those pursuant to Civ. R. 60(B), submitted to the local courts whenever the motion requires the consideration of facts not appearing of record.*

---

*The existence of Local Rule 11 makes our holding herein con-

Applying the above reasoning to the instant case we find that the appellant complied with two of the three requirements for prevailing upon a motion for relief from judgment under Civ. R. 60(B) but failed to comply with the third requirement. The timeliness of the appellant's motion is clearly established from the face of the record. Further, operative facts showing that the appellant is entitled to relief under Civ. R. 60(B)(5) are properly demonstrated in the affidavit of appellant's counsel.

The defect in appellant's motion lies in her failure to present in evidentiary form, operative facts demonstrating that she has a meritorious defense to present if relief from judgment is granted. The only operative facts relating to a defense contained in the record are those alleged in the appellant's brief in support of her motion. These allegations are not of sufficient evidentiary quality to warrant relief from judgment. Therefore, the trial judge did not err in denying the appellant's motion for relief from judgment pursuant to Civ. R. 60(B).

However, we do find that the trial judge erred in denying the appellant's alternate request for a new trial pursuant to Civ. R. 59(A). In this respect, then, the appellant's assignment of error is well taken.

The right to a new trial in civil cases is governed by Civ. R. 59(A) which provides in part as follows:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial."

The timeliness of a motion for a new trial is governed by Civ. R. 59(B) which requires that the motion be

sistent with *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319, wherein the court held that the submission of affidavits or other evidentiary materials is not required with a motion for relief from judgment "until required to do so either by rule or order of the court."

"served not later than fourteen days after the entry of the judgment."

Except for the provisions of Civ. R. 59(C), which speak only to the time for filing affidavits in support of or in opposition to the motion, the rule is silent as to the form or manner in which the grounds for seeking a new trial must be presented. We can look to Civ. R. 7(B) for guidance regarding the sufficiency of the mode of presentation of grounds in support of any motion presented to the court. Civ. R. 7(B) provides in part:

"(1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

In the instant case the record establishes that the appellee was timely served with the appellant's motion for a new trial. The proof of service attached to the appellant's motion in compliance with Civ. R. 5(D) and Civ. R. 11 establishes that the appellant's motion was served upon the appellee within fourteen days after the entry of judgment.

The appellant also stated with particularity in her motion, brief, and supporting affidavit, the grounds for seeking a new trial. These papers contain allegations of operative facts that demonstrate that an irregularity in the proceedings of the court occurred at the time the case was called for trial. The appellant asserts that she was present with counsel and ready to go forth but that the trial was conducted in their absence in the judge's chambers to which she and her counsel were not summoned. The appellant's allegations in her motion and brief are supported by her counsel's affidavit setting forth the same operative facts. The appellee having failed to file a motion in opposition or any contradictory evidence, these allegations of the appellant stand uncontroverted upon the record. We must conclude, therefore, that a serious and prejudicial irregularity in the proceedings of the court occurred in that the appellant was denied her right to defend the action commenced against her.

224

The trial judge erred in denying the appellant's request for a new trial. The appellant's assignment of error is well taken as to her request for a new trial pursuant to Civ. R. 59(A) and is overruled as to her request for relief from judgment pursuant to Civ. R. 60(B).

Judgment reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

Jackson and Silbert, JJ., concur.

Silbert, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.