OPINION
The appellant-defendant Eddie Jones appeals the judgment of the Auglaize County Court of Common Pleas denying his motion for leave to file an amended post-conviction relief petition. The appellant also appeals the denial of his motion for relief from judgment pursuant to Civ.R. 60(B)(5). These two cases were consolidated for purposes of filing the record, briefs and oral arguments. For the following reasons we reverse the judgment of the trial court.
The procedural history of this case is as follows. In November of 1997, a jury convicted the appellant of two counts of gross sexual imposition. The trial court then sentenced him to two concurrent five-year terms of imprisonment. The appellant filed a direct appeal, which was affirmed by this Court.
On August 18, 1998, the appellant filed a petition to vacate or set aside his sentence, pursuant to R.C. § 2953.21, in the trial court. He claimed he was denied the effective assistance of counsel. The State filed a motion for summary judgment. The trial court granted the State's motion and denied the appellant post-conviction relief. The appellant appealed this decision and on April 23, 1999, this Court reversed the trial court's granting of summary judgment. This Court held that the trial court failed to make sufficient findings of fact and conclusions of law as to the reasons for dismissal.
After this Court remanded the case, the appellant filed a motion for leave to file an amended post-conviction petition. The appellant sought to include an affidavit from an expert psychologist in the field of child sexual abuse. On May 24, 1999, the trial court denied his motion for leave to amend and dismissed his petition for post-conviction relief. On June 10, 1999, the appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). The trial court dismissed this motion on June 14, 1999.
It is from these judgments that the appellant now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred to appellant's prejudice by denying appellant's motion for leave to amend his petition.
 The appellant contends that his motion for leave to amend his post-conviction petition was improperly denied. The trial court held that the appellant's motion was not timely filed and was an attempt to assert a new claim rather than to amend the original petition. For the following reasons, we disagree with the trial court.
The appellant originally filed a petition to vacate or set aside his sentence in the trial court on August 17, 1998. The State responded to the appellant's motion by filing a motion for summary judgment, which the trial court granted on November 18, 1998. The appellant appealed this decision and on April 23, 1999 this Court reversed the grant of summary judgment.[1] On April 29, 1999, six days after this case was remanded, the appellant filed a motion for leave to file an amended post-conviction petition. The trial court denied his motion for leave finding that it was not timely made and that appellant was attempting to assert an entirely different claim rather than amend his original petition.
Under R.C. § 2953.21(F), after the state has filed an answer or motion, a petitioner can amend his petition for post-conviction relief only with leave of court. A trial court has discretion in granting or denying leave to amend; therefore, absent an abuse of discretion, an appellate court will not disturb a grant or denial of leave to amend. Wilmington Steel Products, Inc. v. ClevelandElec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-22. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. State ex. rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
The language of Civ.R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. "* * * Leave of court shall be freely given when justice so requires. * * *" Civ.R. 15(A).
In this case the trial court stated two reasons for denying the appellant's motion for leave to amend his petition for post-conviction relief. Each reason will be addressed in turn.
First, the trial court stated that the motion was not timely. The court stated, "This motion for leave to amend was filed April 29, 1999, on a case where the deadline to file the petition for post-conviction relief was August 23, 1998." Upon remand, the appellant's petition for post-conviction relief was revived as well as the State's motion for summary judgment. What the trial court failed to recognize was that the trial court dismissed the appellant's original petition on November 18, 1998 and that the appellant had no petition to amend until this Court remanded the case on April 23, 1999. The appellant filed his motion for leave to amend on April 29, 1999, just six days after the dismissal was reversed and the case was remanded.
Given the policy set forth in Civ.R. 15(A), which favors a liberal policy of granting leave to amend when justice so requires, this Court finds that denying a motion made only six days after the case was reactivated is not in accordance with the administration of justice. The trial court's conclusion that the appellant's motion for leave to amend was not timely is unreasonable.
Secondly, the trial court denied the appellant's motion because it felt that the appellant was not attempting to amend his claim, but was rather asserting an entirely different claim. The appellant claims ineffective assistance of counsel in his petition for post-conviction relief. The appellant is seeking leave to amend his petition in order to submit an affidavit from a Child Forensic Psychologist. The appellant contends that this evidence bolsters his claim by showing the trial court that expert testimony was available and should have been presented in his defense and by not doing so, appellant's counsel was ineffective. This Court fails to see how the trial court could conclude that the appellant was attempting to assert an entirely different claim. We find that the affidavit proposed by the appellant is an attempt to bolster his original claim that he was denied the effective assistance of counsel and therefore, is a proper attempt to amend. The trial court abused its discretion by not granting the appellant the opportunity to amend his petition for post-conviction relief.
Accordingly, the appellant's first assignment of error is well taken.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred to appellant's prejudice by dismissing Mr. Jone's post-conviction petition and denying his motion for relief from judgment under Ohio R. Civ. P. 60(B) [sic].
The appellant contends that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment without first conducting an evidentiary hearing. Specifically, the appellant maintains that he has presented a meritorious defense as required under Civ.R. 60(B) in that an expert in child forensic psychology has provided an affidavit, which supports the appellant's contention that his trial counsel was ineffective. The appellant further maintains that, since the motion was filed in a timely manner and the motion raises sufficient operative facts to warrant relief, he is entitled, at the very least, to an evidentiary hearing on the motion.
Civ.R. 60(B) governs motion for relief from judgment and provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered * * *(5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, the Ohio Supreme Court summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time * * *." The failure of a moving party to establish any one of these three elements warrants dismissal of the motion for relief from judgment. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
In order to merit a hearing and prevail on a motion for relief from judgment under Civ.R. 60(B), a movant must comply with the requirements for all motions as set forth under Civ.R. 7(B); it must be accompanied by a memorandum of facts and law, and evidentiary materials containing operative facts which would warrant relief under the rule must be attached. Marino, et al. v.Marino (Dec. 3, 1998), Cuyahoga App. No. 73698, unreported. The allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment are not sufficient evidence upon which to grant a motion to vacate judgment. East Ohio Gas Co. v.Walker (1978), 59 Ohio App.2d 216. The determination as to whether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75.
In the case at hand, the appellant has provided the trial court with a nineteen page sworn affidavit from Jolie S. Brams, Ph.D., a licensed clinical psychologist. According to Dr. Brams' affidavit, an expert witness would have been of great value to the appellant in his case. Dr. Brams states that the jury should have been made aware of other possible reasons why the alleged victim would express ambivalence towards her father. Among various other things, Dr. Brams states that through expert testimony, the defense could have presented evidence that the timing of the child's allegations were suspect. Dr. Brams further states that consulting with an expert would have been beneficial to the defense attorney in preparing the cross-examination of the prosecution witnesses.
The trial court denied the appellant's motion for relief from judgment without even considering the affidavit of the psychologist. As noted above, the trial court erred in not allowing the appellant to amend his petition for post-conviction relief. For the same reasons, we find that the trial court's refusal to consider the affidavit submitted by the appellant was unreasonable.
The appellant has provided evidentiary materials containing operative facts, which warrant relief. The appellant is entitled to relief under the grounds laid out in Civ.R. 60(B)(5) and he made the motion within a reasonable time. Therefore, the appellant has met the requirements to warrant relief from judgment pursuant to Civ.R. 60(B).
Accordingly, the appellant's second assignment of error is sustained.
In summary, we reverse the trial court's dismissal of the appellant's petition for post-conviction relief and grant the appellant's motion for leave to amend his petition for post-conviction relief. We also reverse the trial court's denial of the appellant's motion for relief from judgment and find that the appellant is entitled to a hearing on his petition for post-conviction relief.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgments reversed and cause remanded.
 BRYANT, P.J., and WALTERS, J., concur.
[1] State v. Jones (April 23, 1999), Auglaize App. No. 2-98-37, unreported.