OPINION
Defendant J. Nathan McKee appeals a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, which overruled his motion brought pursuant to Civ.R. 60(B), by which appellant sought to set aside a default judgment entered against him and in favor of plaintiff, The Mount Vernon Farmer's Exchange. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT'S DENIAL OF DEFENDANT/APPELLANT'S MOTION FILED PURSUANT TO RULE 60 (B) TO SET ASIDE A DEFAULT JUDGMENT WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW WHERE THERE WAS A FAILURE OF SERVICE OF PROCESS AND DEFENDANT/APPELLANT PRESENTED A MERITORIOUS DEFENSE.
The record indicates appellee filed a complaint on account against appellant in Mount Vernon Municipal Court on May 14, 1997. A copy of the summons and complaint was issued by certified mail, which was returned to the court on May 28, 1997, marked "refused". On June 26, 1997, appellee requested service by regular mail. On August 5, 1997, the post office returned the regular mail marked "refused". On November 13, 1997, appellee moved for default judgment. The trial court granted the default judgment on December 5, 1997. In March of 1998, appellee scheduled a judgment debtor's examination, which apparently prompted appellant to retain counsel. On March 19, 1998, appellant filed his motion to set aside the previously entered default judgment pursuant to Civ.R. 60 (B). The trial court overruled the motion on April 14, 1998, finding the appellant had failed to comply with the requirements of Civ.R. 60 (B), in that appellant failed to provide an affidavit to the court. Appellant filed a document captioned "motion to reconsider", which brought to the judge's attention that appellant had, in fact, furnished an affidavit to the court in compliance with Civ.R. 60 (B). Thereafter, the trial court entered judgment on that motion, finding although appellant had furnished an affidavit, the affidavit failed to provide any facts or documentation, but instead, made general allegations regarding his meritorious defense. The trial court affirmed its prior ruling overruling the motion to set aside the default judgment. This appeal ensued. Generally, the Ohio Rules of Civil Procedure do not permit motions for reconsideration after a final judgment in an original action, Motorist Mutual Insurance v. Rockwell (1990),69 Ohio App.3d 159. Instead, motions for reconsideration are governed by the appellate rules, and the filing of an application for reconsideration in the court of appeals does not extend the time for filing a notice of appeal, see App. R. 26 (A). Thus, ordinarily, a motion to reconsider a final judgment of a trial court is a nullity, but here, the trial court specifically found materials filed by the appellant in support of the original motion had, for unknown reasons, not been made part of the material which the court considered in entering the original judgment. The trial court found in the interest of justice, it should reconsider its ruling after reviewing the overlooked material. Likewise, in the interest of justice, this court will address the matter on its merits, rather than on a procedural issue. Civ.R. 60 (B) states in pertinent part: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, release or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reasons justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1)(2)and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In order to prevail on the motion about pursuant to Civ.R. 60 (B), the movant must demonstrate he or she had a meritorious defense or claim to present if relief is granted, that he or she is entitled to relief under one of the grounds stated in the Rule, and that the motion is made timely, see GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. The trial court's judgment entry of June 23, 1998, analyzes appellant's motion and supplemental materials appropriately under Ohio law. The trial court notes appellant does not identify under which subsection of the Civil Rule the matter is brought. The gravamen of appellant's argument is he never received notice of the proceedings by certified mail or regular mail, and he never refused any certified or regular mail. The court found this ground would be appropriately reviewed under Civil Rule 50 (B)(5). The trial court found service in this action complied with the Civil Rules. The trial court found the motion was timely, and we agree. The trial court found appellant had not demonstrated he had a meritorious defense to the action if relief was granted. The trial court found at best, appellant's affidavit merely contains a general statement that he has a defense to present. The trial court concluded appellant was not entitled to relief under the rules. Appellant concedes a movant must support a claim of a defense with evidence of at least affidavit quality, East Ohio Gas v. Walker (1978),59 Ohio App.2d 216. He urges his affidavit asserted operative facts, namely that appellant had made pre-payments. Appellant also alleged appellee's accounting was inaccurate, and its negligence had caused damage to his crops. Appellant argues these allegations of fact are sufficiently specific to at least entitle him to a hearing on the motion to set aside the default judgment, see Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. We have reviewed appellant's affidavit, and we agree with the trial court appellant has made a bare assertion he could have raised defenses which would have eliminated any claim appellee had against him. Appellant does not set forth the operant facts in support of the defenses he alleges. We find the trial court correctly analyzed appellant's motion for relief of judgment and the supplemental materials appellant filed with it and correctly determined appellant was not entitled to relief. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Reader, V. J., concur.