OPINION
Appellants Carolyn Dupler, Angela Gerry, and Olivia Sue Drake, respectively, the maternal grandmother, maternal aunt and half-sister of Jessica Ann Affolter, aka Jessica Ann Vieheller, appeal the September 14, 1999, Judgment Entry of the Stark County Court of Common Pleas, Probate Division, denying appellants' Civ.R. 60(B) Motion to set aside the adoption of Jessica. Appellees are Pamela and Randall Affolter, the adoptive parents and paternal aunt and uncle of Jessica.
 STATEMENT OF THE FACTS AND CASE
Jessica Ann Vieheller nka Jessica Ann Affolter, was born August 29, 1996, to Teresa G. Drake and David Robert Vieheller. On September 7, 1996, the child's mother, Teresa Drake, suddenly passed away. The father then placed the child with his sister and brother-in-law, Pamela and Randal Affolter, to care for and to raise. On March 16, 1998, Jessica's father, David Vierheller, applied for placement of his child for adoption with the Stark County, Ohio, Probate Court. A surrender hearing was held in the Stark County Probate Court, case number 168673, on April 13, 1998. On that date, Jessica's father consented to the adoption of Jessica by appellees. On April 16, 1998, the child was placed for adoption with appellees by the Probate Court. Subsequently, on May 19, 1998, a formal Petition for Adoption of the child was filed in Stark County Probate Court, case number 169304, by Pamela Ann and Randall Lee Affolter. On June 29, 1998, the Probate Court granted an interlocutory order of adoption. The adoption was finalized on October 19, 1998. Prior to the placement of the child for adoption, the appellees had been granted legal custody of the child in the Stark County Court of Common Pleas, Juvenile Division, case number J95124/J95121. The December 4, 1997, Juvenile Court Judgment Entry which granted custody of Jessica to appellees included a visitation schedule with Dennis and Angela Gerry, Jessica's maternal uncle and aunt, and Olivia Sue Drake, Jessica's half-sister. On January 28, 1999, the Juvenile Court case was dismissed, with prejudice and without comment. On June 2, 1999, appellants filed a motion to intervene and a motion to set aside the adoption pursuant to Civ.R. 60(B) alleging inter alia, fraud upon the court by the appellees in failing to notify appellants or the Juvenile Court of the adoption proceedings and failing to notify the Probate Court of the agreement to provide visitation between Jessica and Olivia. On September 13, 1999, the Probate Court heard the motions. The Probate Court limited the hearing to the argument of counsel without objection. Following the arguments of counsel, the Probate Court denied the Civ.R. 60(B) motion and found that all procedural aspects of the adoption were followed by the petitioners, the appellees. The court made it clear that it had been aware of Jessica's relationship with Olivia, her half-sibling, when determining whether adoption by the appellees was in Jessica's best interests. Accordingly, the Probate Court found no fraud had been perpetrated upon the court and that the final order of adoption was valid. Although the Probate Court recommended visitation with the maternal relatives (the appellants) the court noted that it was without jurisdiction to order such visitation. The motion to set aside the adoption was overruled by Judgment Entry filed September 14, 1999. It is from the September 14, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE COURT ERRED IN NOT SETTING ASIDE THE ADOPTION AND CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE BEST INTEREST OF THE ADOPTEE IN THIS CASE.
A movant for relief from judgment under Civ.R. 60(B) must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1)-(5); and
(3) the motion is made within a reasonable time.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g., Matson v. Marks (1972), 32 Ohio App.2d 319, 327,291 N.E.2d 491. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978),59 Ohio App.2d 216, 220, 394 N.E.2d 348. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. BancOhio Natl. Bank v. Schiesswohl (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362, at paragraph one of the syllabus. Bare assertions of fact do not entitle the movant to relief or to a hearing of the motion to set aside the judgment. Mount Vernon Farmer's Exchange v. McKee, (Dec. 8, 1999), Knox App. No. 98-CA-27, unreported, 2000 WL 1444 (citing East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216 Kay v. Morc Glassman, Inc. (1996), 76 Ohio St.3d 18). The standard of review of a Civ.R. 60(B) motion is abuse of discretion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Therefore, we must determine whether the trial court abused its discretion in overruling appellant's motion for relief from judgment. Appellant's motion was based upon Civ.R. 60(B) which provides as follows: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In the case sub judice, appellants' Motion to Set Aside the Adoption, pursuant to Civ.R. 60(B), was based upon allegations of:
1. fraud committed by the adoptive parents.
 2. a fraud perpetrated on a co-equal branch of the Common Pleas Court to wit; the Juvenile Division of the Stark County Common Pleas . . .
 3. excusable neglect by the parties is [sic] not filing an objection to the adoption at an earlier time because they were not notified of the adoption until after it had accurred [sic] and said adoption is not in the best interest of Jessica Ann Affolter.
 4. the adoption terminated the rights of the maternal grandmother without providing her an opportunity at a hearing to object and present evidence.
Said evidence movant believes would have demonstrated that it was not in the best interests of Jessica Affolter to have all contact with her biological half-sister, aunt and grandmother extinguished.
Appellants contend that "[t]he [trial] Court erred in not setting aside the adoption and conducting an evidentiary hearing to determine the best interests of the adoptee in this case." Appellant's Merit Brief, page 5. We understand this to be an argument that the Probate Court abused its discretion in overruling appellant's Civ.R. 60(B) motion. Appellants' 60(B) motion was based upon an allegation of fraud and arguments that the adoption was not in Jessica's best interest. However, the Probate Court found that fraud was not committed and that the adoption was in Jessica's best interests. The Probate Court was aware of and considered the relationship between the two-half sisters as well as the visitation that was ongoing between the two children, when it found that the adoption was in the best interests of Jessica and finalized the adoption. The Probate Court determined that the adoption of Jessica was primary to Jessica's best interests and that Jessica's relationship with her half-sibling, Olivia, was secondary. Appellants presented no new evidence that would have required the Probate Court to vacate the prior order of adoption and re-conduct the evidentiary hearing to redetermine if the adoption was in Jessica's best interest. As the Probate Court noted, the adoption procedures, as established by statute, were followed. Notice was provided to the parties as required by R. C. 3107.11 and all parties required to consent to the adoption consented, R.C. 3107.06 and 3107.07. The statutes do not require that notice be provided to or consent be given by grandparents, aunts or siblings, under the factual circumstances of this case. It is clear to us from the record that the Probate Court held Jessica's best interests as its primary concern. The appellants may not have a right to intervene in this matter, See In Re Adoption of Ridenour (1991), 61 Ohio St.3d 319, 328-329,574 N.E.2d 1055, and therefore, may have had no right to a hearing on their Civ.R. 60(B) motion. However, to the Probate Court's credit, it allowed appellants to present their arguments so that the Probate Court could make sure that Jessica's best interests had been served by her adoption. We find that the Probate Court did not abuse its discretion in denying appellant's Civ.R. 60(B) Motion and thereby failing to set aside the adoption.
Appellant's assignment of error is overruled.
 __________________ Edwards, J.
By Edwards, J. Hoffman, P.J. and Milligan, V. J. concurs.