OPINION
Appellant Cynthia Topp and appellee Mark Topp were divorced by the Stark County Common Pleas Court, Domestic Relations Division, on July 1, 1999. On September 28, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60 (B). In support of her motion appellant attached an affidavit. The court overruled the motion without holding an evidentiary hearing. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO HOLD AN EVIDENTIARY HEARING WHERE APPELLANT'S CIV. R. 60 (B) MOTION ALLEGED FACTS SUFFICIENT TO JUSTIFY RELIEF.
In her motion for relief from judgment, appellant claimed that evidence of the amount owed on her car, which was awarded to her in the divorce judgment, was not presented to the court, thereby resulting in an inequitable property division. She also alleged that appellee continuing using credit cards to incur marital debt after the court had ordered both parties to cease to incur debt. She alleged that this information was not presented to the court due to excusable neglect, mistake or inadvertence, misconduct of appellee, and/or inexcusable neglect. To demonstrate relief from judgment pursuant to Civ.R. 60 (B), the movant must demonstrate: (1) that he or she has a meritorious claim or defense to present if relief is granted; (2) that relief is justified under one of the provisions of the Rule; and (3) that the motion was timely filed. GTE Automatic Electric v. ARC Industries (1976) 47 Ohio St.2d 146 . The motion must be accompanied by an affidavit or other evidentiary quality material that alleges sufficient operative facts, which if true, would justify relief. East Ohio Gas Company v. Walker (1978), 59 Ohio App.2d 216. If the material submitted by the movant contains no operative facts, a court does not abuse its discretion in refusing to grant an evidentiary hearing before overruling the motion. E.g. Adomiet v. Baltimore (1975),39 Ohio App.2d 97, 105. In her affidavit, appellant set forth no operative facts to demonstrate that she was entitled to relief from judgment under one of the grounds stated in Civ.R. 60 (B). She merely alleged that on the day of trial, counsel did not show her copies of appellee's exhibits, and she was unaware that evidence of certain debts was not a part of those exhibits. She did not set forth operative facts demonstrating excusable neglect, mistake or inadvertence, misconduct, or inexcusable neglect. Accordingly, the court did not abuse its discretion in failing to grant an evidentiary hearing. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur