This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Kenneth Turowski, Richard Dobbins, and Peggy Dobbins, appeal from the order of the Barberton Municipal Court granting Appellee's, Apple Vacations, Inc., Civ.R. 60(B) motion for relief from judgment. We reverse.
 {¶ 2} Appellants filed their complaint on February 5, 2002. The complaint was served on Appellee by certified mail on February 11, 2002. Appellee failed to file a timely answer on March 11, 2002. Thereafter, on March 12, 2002, Appellants filed and the trial court granted a motion for default judgment.
 {¶ 3} On March 14, 2002, Appellee filed an untimely motion for automatic leave to plead with the court. Upon learning of the entry of default judgment, Appellee subsequently filed a motion for relief from judgment, pursuant to Civ.R. 60(B) on March 15, 2002. Thereafter, Appellant filed a reply. The trial court scheduled a hearing on the motion for May 7, 2002. On April 5, 2002, the court granted Appellee's motion for relief. Appellant timely appeals.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court abused its discretion and failed to follow established law in granting [Appellee's] motion for relief from judgment pursuant to [Civ.R.] 60(B)."
 {¶ 5} In their sole assignment of error, Appellants assert that the trial court's granting of Appellee's motion for relief from judgment was an abuse of discretion. Specifically, Appellants maintain that Appellee failed to set forth any operative facts sufficient to justify the granting of relief under Civ.R. 60(B)(1). We agree.
 {¶ 6} "If a judgment by default has been entered, the court may set it aside in accordance with [Civ.R.] 60(B)." Civ.R. 55(B). Civ.R. 60(B) provides that a "court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]" An appellate court reviews the granting or denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d at 20. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio St. Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} A trial court's discretion is not unbridled. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If these requirements are not met, the trial court should deny the motion. Rose Chevrolet,Inc., 36 Ohio St.3d at 20.
 {¶ 8} There is no requirement that a Civ.R. 60(B) motion be supported by affidavit or other sworn testimony, Landmark America, Inc.v. Overholt (July 12, 2000), 9th Dist. No. 3036-M, at 3. See RoseChevrolet, Inc., 36 Ohio St.3d at 20. However, the absence of such material would prevent the granting of the motion without an evidentiary hearing. J.A. Berk Associates v. Levin, 9th Dist. No. 01CA007943, 2002-Ohio-3182, at ¶ 37, quoting East Ohio Gas Go. v. Walker
(1978), 59 Ohio App.2d 216, 220-21. Although a March 20, 2002 order indicates that this matter was set for hearing on May 7, 2002, no transcript of the hearing appears in the record. Additionally, notwithstanding the parties' references to an informal hearing during oral arguments, there is no indication in the record that a hearing was held; the record refers only to the granting of the Civ.R. 60(B) motion on April 5, 2002, a date prior to the scheduled hearing. Therefore, as there is no indication that an evidentiary hearing was in fact held in this case, and since the Civ.R. 60(B) motion was not supported by any evidentiary materials, it was not properly granted. See Levin at ¶ 37.
 {¶ 9} Moreover, a review of the record reveals that the three prongs of the GTE test have not been satisfied. The material mentioned in Appellee's brief is insufficient to constitute excusable neglect. As the concept of excusable neglect is difficult to define, it is referred to in the negative. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. Neglect is not excusable if it represents a complete disregard for the judicial system. Id. Additionally, the reviewing court must take into consideration the surrounding facts and circumstances. Rose Chevrolet,Inc., 36 Ohio St.3d at 21.
 {¶ 10} The only factors mentioned in Appellee's brief are that counsel made a mistake in the calculation of the answer date, and, on the day the mistake was made, there was a death in counsel's family. In the absence of a suggestion of causal connection between the mistake and the death, or even that the death was known to counsel at the time the mistake was made, those factors are not enough to constitute excusable neglect. See Bailey v. Lake Erie Educational Computer Assoc. (Nov. 8, 2000), 9th Dist. Nos. 99CA007323 and 99CA007471, at 10. Accordingly, we find that the record is insufficient to support a finding of excusable neglect.
 {¶ 11} Appellant's sole assignment of error is sustained. The judgment of the Barberton Municipal Court is reversed and remanded.
BAIRD, J. CONCURS