## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ivan Rockenbaugh,**
**Petitioner Below, Petitioner**

**FILED**

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1285** (Jefferson County 11-C-144)

**Dennis Barron, Executor of the Estate of**
**John Rockenbaugh, Respondent Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioner Ivan Rockenbaugh, *pro se*,[1] appeals the circuit court's August 11, 2011 order, denying his appeal from the Jefferson County Commission regarding the probate of the estate of John R. Rockenbaugh, and the circuit court's December 7, 2011 order denying petitioner's post-order motions. Respondent Dennis Barron, Executor of the Estate of John R. Rockenbaugh, by David A. Camilletti, his attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented,[2] the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a grandson of John R. Rockenbaugh who died on April 2, 2010, and had several living heirs. On May 3, 2011, petitioner filed an appeal in the circuit court from the Jefferson County Commission regarding the probate of his grandfather's estate raising the following issues: (1) improper venue; (2) conflict of interest and qualification of the executor; and (3) invalidity of the will of John R. Rockenbaugh. At a June 27, 2011 hearing, respondent argued that petitioner did not raise the second and third issues within the respective limitations periods and

---

[1] Petitioner was previously represented, but this Court granted a motion by petitioner to terminate that representation and to proceed *pro se*.

[2] Neither party deemed it necessary to include the entire record that was before the county commission in his appendix(ices) on appeal. However, the county commission record, totaling 106 pages, was before the circuit court according to the docket sheet.

1

was, therefore, barred from raising them; respondent conceded, however, that petitioner timely filed an objection to Jefferson County being the proper venue for the will.[3]

Petitioner's counsel explained at the hearing as follows:

> What [petitioner] also made a mistake of doing was focusing so much on jurisdiction [i.e., venue]. He never really got beyond that in his formal pleadings [before the county commission].[4] . . . All he did was focus on jurisdiction.
>
> He thinks that it would start back over in Berkeley County because it never should have been filed in Jefferson [County]. There is the case of Dawson versus Dawson which says if the jurisdiction was improper that the Court had no authority to even act and the case should be dismissed.

Later in the hearing, petitioner's counsel indicates that the county commission, sitting as the court of probate, focused solely on venue and that "[petitioner] didn't make a formal pleading" regarding other issues.[5]

---

[3] According to the June 27, 2011 hearing transcript, petitioner filed his objection on December 14, 2010, after the notice of administration of estate was first published on September 15, 2010. *See* W.Va. Code § 44-1-14a(e) ("Any person interested in the estate who objects to the qualifications of the personal representative or the venue or jurisdiction of the court, shall file notice of an objection with the county commission within ninety days after the date of the first publication as required in subsection (a) of this section or within thirty days after service of the notice as required by subsection (d) of this section, whichever is later. *If an objection is not timely filed, the objection is forever barred.*") (emphasis added). Petitioner, along with other heirs, also filed objections to the report of the fiduciary commissioner and the accounting of the executor but later withdrew those objections on February 10, 2011.

[4] Before the county commission, petitioner either acted *pro se* or was represented by another attorney.

[5] The limitations period in which petitioner could have filed an objection to the qualification of the executor was the same as for making an objection to venue. *See* footnote 3, supra. On appeal, petitioner asserts that his first attorney filed timely objections to more issues than just venue. However, this Court has reviewed the exhibits properly included in the record on appeal as part of petitioner's appendix and his supplemental appendix, and finds no such objections filed either by his first attorney or by him. Letters inquiring as to procedure and/or stating what petitioner intends to do at some future point do not qualify as timely filed objections. Therefore, this Court concludes that petitioner did not timely challenge the qualification of the executor. Whether petitioner timely challenged the validity of the will will be discussed infra.

At the conclusion of the hearing, the circuit court gave the parties ten days in which to file supplemental pleadings. "[O]therwise[,] I will resolve it on the pleadings we have before us." The circuit court further informed that the parties will either receive an order from the court or a request to one side or the other to prepare the appropriate order.

The circuit court subsequently contacted respondent's counsel to prepare the appropriate order.[6] On August 11, 2011, the circuit court entered its order denying petitioner's appeal from the county commission, which order contained the following pertinent conclusions of law:

> 15.    The Petitioner, Ivan Rockenbaugh, has never challenged the qualification of the Executor and is barred from doing so by the statute of limitations and the proscription that he may not raise on appeal an issue never challenged below.
>
> 16.    The Petitioner has never challenged the validity of the Will until this appeal and is therefore barred by the applicable statute of limitations and the proscription of raising the issue for the first time on appeal.
>
> 17.    Having failed to timely object to any stage of the probate process, the Petitioner is now barred from objecting to the probate in its entirety.
>
> 18.    The Petitioner, Ivan Rockenbaugh, did timely challenge venue.
>
> 19.    The Jefferson County Commission held a full evidentiary hearing on the issue of venue on February 3, 2011. The County Commission received evidence from interested parties, applied the appropriate statutory test, and reasonably found that the decedent died with sufficient personal property and other legitimate indicia of residence in Jefferson County, West Virginia. The County Commission voted 5-0 to so find and did so hold in their Order Denying Objection to Venue of Probate entered on May 19, 2011.[7]

---

[6] Although it was respondent's counsel who was requested to prepare the order, petitioner's counsel also prepared a proposed order for the circuit court's consideration.

[7] Both the county commission's May 19, 2011 order and the minutes of the commission's February 3, 2011 meeting have been included in the record on appeal. The minutes indicated that petitioner and four witnesses were sworn in and that the commission heard their testimony. The minutes further reflected that six exhibits were admitted into evidence and that petitioner represented himself "with guidance from his counsel." According to the June 27, 2011 hearing transcript, petitioner's counsel explained that she had been only recently retained at the time of the

The circuit court ruled that it was "of the opinion that Petitioner's objections to qualification of the Executor and the validity of the Last Will and Testament are barred by the statute[s] of limitations" and that "the County Commission correctly applied the statutory test to determine venue and therefore adopts the opinion of the County Commission that venue was appropriate in Jefferson County."[8] Petitioner appealed the circuit court's August 11, 2011 order to this Court.

While petitioner's appeal was pending, the circuit court entered a brief, one page order denying "[p]etitioner's post-order motions" on December 7, 2011. The docket sheet reflects that petitioner filed a motion to set aside the judgment on October 11, 2011, and a supplemental motion to set aside the judgment on November 23, 2011.[9] In his October 11, 2011 motion, petitioner argued: (1) once he appealed to the circuit court from the county commission, he was entitled to a de novo hearing before the circuit court; (2) that the circuit court failed to comply with Rule 24.01 of the West Virginia Trial Court Rules prior to the entry of its August 11, 2011 order; (3) that he was entitled to a de novo jury trial pursuant to West Virginia Code § 41-5-8; (4) that the August 11, 2011 order was entered over his objections; (5) and that he was entitled to a de novo jury trial on his allegation that his first attorney timely filed the appropriate objections. In his November 23, 2011 supplemental motion, petitioner argued newly discovered evidence in the form of a report

---

February 3, 2011 hearing before the county commission and that there "wasn't a notice of appearance." Between the February 3, 2011 hearing and the entry of the county commission's formal order denying petitioner's objection as to venue on May 19, 2011, the commission approved the executor's first and final accounting and closed the estate as of March 24, 2011.

[8] West Virginia Code § 41-5-4 provides as follows:

> The county court shall have jurisdiction of the probate of wills according to the following rules:
>
> (a) In the county wherein the testator, at the time of his death, had a mansion house or known place of residence; or
>
> (b) If he had no such house or place of residence, then in the county wherein any real estate devised thereby is situated; or
>
> (c) If there be no real estate devised thereby, and the testator had no such house or place of residence, then in the county wherein he died, or in any county wherein he had any property at the time of his death; or
>
> (d) If he died out of this State, his will or an authenticated copy thereof, may be admitted to probate in any county in this State, wherein there is property devised or bequeathed thereby.

[9] The motions were pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

4

from his private investigator that the signature on the will of John R. Rockenbaugh was forged. The circuit court's December 7, 2011 order denying petitioner's post-order motions is also properly before this Court on appeal.[10]

## VENUE AND PETITIONER'S ASSERTION
## THAT HE WAS ENTITLED TO A DE NOVO JURY TRIAL

Petitioner argues that the proper venue for the probate of his grandfather's will was Berkeley County, not Jefferson County, and that he was entitled to a de novo jury trial in the circuit court. *See* W.Va. Code § 41-5-7 (". . . [T]he case shall be proceeded in, tried and determined in such court, regardless of the proceedings before the county commission, and in the same manner and in all respects as if the application for such probate had been originally made to the circuit court."); *see also* W.Va. Code § 41-5-8 (providing for a jury trial if demanded). Petitioner would have been entitled to a de novo jury trial on the issue of *the will's validity* if he had filed a petition in the circuit court within three months of "any order or judgment of the county commission admitting or refusing to admit any will to probate." *See* W.Va. Code § 41-5-7  The record on appeal reflects that the commission admitted the will to probate by an order entered November 17, 2010, and that petitioner did not file any petition in the circuit court until he filed his appeal from the county commission's decision that Jefferson County was the proper venue on May 3, 2011.[11] Therefore, petitioner was not entitled to a de novo jury trial.

On the substantive issue of venue, petitioner states that he agrees that *United Bank, Inc. v.*

---

[10] In a subsequent order that petitioner has not appealed, entered May 15, 2012, the circuit court denied a second supplemental motion to set aside the judgment filed by petitioner in March of 2012, and in so doing, the court provided more detailed reasons for denying petitioner's claim of newly discovered evidence. The circuit court denied petitioner's motion because: (1) the alleged newly discovered evidence was not of the quality that will be considered under the newly discovered evidence standard, citing *Ohio Gas Co. v. Walker*, 394 N.E.2d 348 (Ohio Ct. App. 1978) (holding that unsworn allegations of operative facts contained in a motion for relief from judgment or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment"); (2) petitioner was not diligent in discovering the evidence, nor did he explain why it took so long to obtain such an elementary analysis of his grandfather's handwriting; and (3) the alleged newly discovered evidence was not relevant to the issues addressed by the court in its August 11, 2011 order, which were venue and whether petitioner timely raised certain issues.

[11] Petitioner had actual notice of the probate proceedings in Jefferson County since April 15, 2010, when the Clerk of the Jefferson County Commission notified him by letter that the will had been recorded in her office and that he was a beneficiary. *See* W.Va. Code § 41-5-2; Syllabus, *Cary v. Riss*, 189 W.Va. 608, 433 S.E.2d 546 (1993). In the body of its opinion, the *Cary* Court further stated that "the actual notice given to beneficiaries upon delivery of the will obviates the need for the county commission to give actual notice to beneficiaries of its action [admitting, or refusing to admit, the will to probate]." 189 W.Va. at 614, 433 S.E.2d at 552.

*Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005), provides the applicable standard for reviewing a lower court's ruling on venue. *See* Syl. Pt. 1 ("This Court's review of a trial court's decision on a motion to dismiss for improper venue is for abuse of discretion."). Petitioner argues that a number of facts support his assertion that venue was proper in Berkeley County. Respondent argues, however, that upon the circuit court's review of the record, it was reasonable for the court to adopt and affirm the findings of the county commission. Respondent argues that while petitioner may be understandably dissatisfied with the county commission's decision, there was no abuse of discretion.[12] After careful review of the parties' arguments, this Court concludes that the circuit court did not err in affirming and adopting the county commission's finding that venue was proper in Jefferson County.

WHETHER THE CIRCUIT COURT VIOLATED
RULE 24.01 BY ENTERING ITS AUGUST 11, 2011 ORDER

Petitioner argues that the circuit court violated Rule 24.01 of the West Virginia Trial Court Rules when his counsel was given only three days, instead of five, to note her objections to the order prepared by respondent's counsel and when the court failed to schedule a hearing to resolve the conflict between his counsel's proposed order and the order the court requested respondent's counsel to prepare. Respondent argues that Rule 24.01 gives a circuit court discretion to deviate from its procedures and that in the case at bar, the court requested his counsel to prepare the appropriate order. Respondent further argues that when there are two conflicting proposed orders, Rule 24.01 requires a hearing only if "the judicial officer determines that a hearing is necessary to resolve the conflict." Rule 24.01(d), W.V.Tr.Ct.R. After careful review of the parties' arguments,

---

[12] As reflected in the county commission's May 19, 2011 order, the parties presented the following evidence on the issue of venue:

> . . . [T]he petitioner presented evidence that the decedent died in an assisted living facility in Berkeley County and had previously sold his long-term home residence in Jefferson County. The petitioner also presented evidence that the decedent received some letters at the assisted living facility.
>
> The estate presented uncontroverted evidence that the decedent maintained a post office box in Shepherdstown, Jefferson County, West Virginia[,] and that said address was used on his voter registration, driver['s] license[,] and tax returns until his death. Further, the decedent did not own any real estate at the time of his death but did maintain substantial person[al] assets (bank accounts) in a Jefferson County financial institution.

The county commission concluded that "[it] was convinced that the decedent had personal property in Jefferson County at the time of his death and had never moved his place of residence from Jefferson County."

this Court concludes that the circuit court did not violate Rule 24.01 by entering its August 11, 2011 order.

## NEWLY DISCOVERED EVIDENCE

Petitioner first argued there was newly discovered evidence in his November 23, 2011 supplemental motion to set aside the judgment. "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Petitioner asserts that he diligently searched for information regarding his grandfather's handwriting by contacting a private investigator, and obtaining evidence and sending it to the investigator on multiple occasions. Petitioner further asserts that the private investigator did not render his opinion that the signature on the will of John R. Rockenbaugh was a forgery until November 18, 2011. Petitioner asserts that the opinion of his private investigator would produce the opposite result if he is granted a new hearing.[13] Respondent argues that to be granted relief from judgment under Rule 60(b)(2), the newly discovered evidence must be evidence that "could not have been discovered in time to move for a new trial under Rule 59(b)."[14] Respondent argues that even assuming *arguendo* the validity of petitioner's investigator's opinion, the alleged "forgery" was a fact in existence at least since April 15, 2010, when the will was recorded in the county clerk's office, which was fifteen months prior the June 27, 2011 hearing before the circuit court. Respondent, therefore, asserts that

---

[13] The standard for newly discovered evidence is as follows:

> A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Syl. Pt. 1, *Halstead v. Horton,* 38 W.Va. 727, 18 S.E. 953 (1894), *overruled on other grounds*, *State v. Bragg*, 140 W.Va. 585, 87 S.E.2d 689 (1955).

[14] Rule 59(b) of the West Virginia Rules of Civil Procedure provides that "[a]ny motion for a new trial shall be filed not later than 10 days after the entry of the judgment." In the case at bar, the judgment was the circuit court's August 11, 2011 order.

petitioner failed to exercise due diligence. After careful review of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's claim of newly discovered evidence.[15]

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Jefferson County. We affirm the circuit court's August 11, 2011 order, denying petitioner's appeal from the Jefferson County Commission regarding the probate of the estate of John R. Rockenbaugh, and its December 7, 2011 order denying petitioner's post-order motions.

Affirmed.


**ISSUED:  March 8, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[15]  *See also* Footnote Ten.