BANCOHIO NATIONAL BANK, APPELLEE, *v.* SCHIESSWOHL, APPELLANT.

(No. 13510—Decided
August 3, 1988.)

*Robert F. Linton,* for appellee.
*Kenneth L. Gibson,* for appellant.

MAHONEY, J. Appellant, Robert C. Schiesswohl, appeals from the judgment of the trial court denying Schiesswohl's Civ. R. 60(B) motion and his motion to consolidate. We affirm in part, and reverse and remand in part.

### Facts

On March 8, 1982, BancOhio was granted judgment in the amount of 1.2 million dollars plus interest against Northern Ohio Tractor and Schiesswohl pursuant to a cognovit note. On March 21, 1982, Schiesswohl filed a Civ. R. 60(B) motion. Apparently, the trial court never ruled on this motion. On March 4, 1983, Schiesswohl filed a second Civ. R. 60(B) motion on the basis that the judgment was satisfied by the repossession of collateral and on the basis that any further collection efforts were barred since BancOhio failed to dispose of the collateral in a commercially reasonable manner. On July 7, 1983, Schiesswohl withdrew the Civ. R. 60(B) motion. On May 9, 1984, Schiesswohl filed a third Civ. R. 60(B) motion on the basis of the same grounds as his second Civ. R. 60(B) motion. Schiesswohl also made a motion that the instant case be consolidated with other related cases. The trial court denied both motions. This appeal followed.

### Assignment of Error I

"The trial court erred in denying Robert Schiesswohl's motion for relief from judgment without first conducting an evidentiary hearing."

With respect to whether a trial court should grant an evidentiary hearing pursuant to a Civ. R. 60(B) motion, we held in *Twinsburg Banking Co.* v. *RHEA Constr. Co.* (1983), 9 Ohio App. 3d 39, 9 OBR 41, 458 N.E. 2d 440, syllabus, that:

"It is an abuse of discretion for the trial court to overrule a Civ. R. 60(B) motion for relief from judgment without first holding an evidentiary hearing where the motion and affidavits contain allegations of operative facts which would warrant relief under Civ. R. 60(B)."

Thus, we must determine whether Schiesswohl's motion and supporting affidavit contain allegations of operative facts which would warrant relief under Civ. R. 60(B).

In *GTE Automatic Electric, Inc.* v. *ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 331 N.E. 2d 113, paragraph two of syllabus, our Supreme Court held:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

We first determine whether Schiesswohl has alleged operative facts which would give rise to a meritorious defense. First, Schiesswohl alleges that the judgment was satisfied by the repossession of collateral. If BancOhio had in fact received a total satisfaction of Schiesswohl's debts, BancOhio should be prohibited from availing itself of the

power of the court to collect more money from Schiesswohl. Second, Schiesswohl alleges that BancOhio has not disposed of repossessed collateral in a commercially reasonable manner. This allegation, if sufficiently raised, would shift the burden onto BancOhio to show that the collateral had been disposed of in a commercially reasonable manner. If BancOhio would fail to make such a showing, then Schiesswohl could assert the unreasonable disposition of collateral as a meritorious defense. *United States v. Willis* (C.A. 6, 1979), 593 F. 2d 247, 14 O.O. 3d 443; *Liberty Bank v. Greiner* (1978), 62 Ohio App. 2d 125, 16 O.O. 3d 291, 405 N.E. 2d 317. Thus, Schiesswohl has alleged operative facts which would support a meritorious defense to the judgment.

Either of the aforementioned defenses could arguably be grounds for relief from judgment under Civ. R. 60(B)(4) which provides that relief from judgment may be had if "the judgment has been satisfied, released or discharged." Thus, Schiesswohl has alleged operative facts which support one of the grounds of Civ. R. 60(B).

Schiesswohl filed his Civ. R. 60(B) motion nearly two years after the judgment was rendered. However, this does not necessarily mean that Schiesswohl's motion was not filed within a reasonable time. We note that the facts supporting a finding that a debt has been satisfied, released or discharged may not arise until well after a judgment has been rendered. Thus, Schiesswohl's Civ. R. 60(B) motion is not facially untimely. See *Rowland v. Finkel* (1987), 33 Ohio App. 3d 77, 514 N.E. 2d 949.

BancOhio argues that Schiesswohl's first two Civ. R. 60(B) motions should have a *res judicata* effect on Schiesswohl's instant Civ. R. 60(B) motion. However, since no evidentiary hearing or other disposition was ever reached on Schiesswohl's first two Civ. R. 60(B) motions, they do not have any *res judicata* effect.

We expressly make no disposition as to whether Schiesswohl should be granted Civ. R. 60(B) relief. Rather, we hold that Schiesswohl's Civ. R. 60(B) motion and affidavit contained sufficient allegations of operative fact which would entitle him to an evidentiary hearing on the Civ. R. 60(B) motion.

Accordingly, Schiesswohl's first assignment of error is sustained.

## Assignment of Error II

"The trial court erred in declining to consolidate this case (Case No. 82-3-0673) with Case No. 83-4-1313 in which Robert Schiesswohl raised the issue of satisfaction under O.R.C Chapter 1309 as a counterclaim."

The determination of whether to consolidate separate cases is within the sound discretion of the trial court. Nothing in the record indicates an abuse of discretion.

Accordingly, Schiesswohl's second assignment of error is overruled.

## Summary

The judgment of the trial court is affirmed with respect to the trial court's denial of Schiesswohl's motion to consolidate. The judgment of the trial court dismissing Schiesswohl's Civ. R. 60(B) motion is vacated and this cause is remanded for an evidentiary hearing on Schiesswohl's Civ. R. 60(B) motion.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.