OPINION
Appellant Woodside Pet Cemetery, Inc., filed the instant action on June 26, 1997. Appellant alleged that appellee W. G. Lockhart Construction Company had breached an agreement giving appellee the right to dispose of clean fill dirt on appellant's real property. The complaint alleged that instead of, or in addition to, clean fill dirt, and without appellant's consent, appellee disposed of steel, concrete, and other construction debris on the property. Appellant alleged that appellee covered the debris to conceal its presence. Appellee was served with the summons and complaint on August 2, 1997. As of September 8, 1997, appellee had failed to answer the complaint, and appellant moved for default judgment. The court entered default judgment on the issue of liability on September 9, 1997, and scheduled a hearing as to damages. On September 10, 1997, appellee moved for leave to plead. On September 16, appellee filed a motion to vacate the default judgment pursuant to Civ.R. 60 (B)(1). Appellee claimed that its failure to timely appear and defend the action was the result of excusable neglect, as it reasonably relied on its insurance carrier to arrange for defense of the matter. Appellee submitted an affidavit of Richard Stanley, Secretary of appellee. Appellant filed a response, attaching affidavits. Appellee filed a response, attaching a second affidavit of Richard Stanley. On the same day, the court entered judgment setting aside the default judgment. On appeal to this court, we vacated the judgment granting the Civ.R. 60 (B) motion. We held that the court erred in failing to conduct an evidentiary hearing before granting the motion. We remanded the case for evidentiary hearing. On remand, the court conducted an evidentiary hearing. Following the hearing, the court issued findings of fact and conclusions of law. The court found that there was no dispute that the motion was timely, as only seven days passed between the default judgment entered and the motion to vacate. The court further found that appellee had produced evidence of a meritorious defense, as appellee produced evidence that its paperwork showed that all construction debris went to another site, and only clean fill dirt went to appellant's site. Further, appellee presented evidence that other parties were dumping the material on appellant's property. The court further found that appellee had shown excusable neglect. The court found that appellee properly notified its insurance carrier of the lawsuit, as the insurance company required that appellee forward the complaint. The insurance company did not send appellee a timely denial of coverage, and appellee immediately hired an attorney as soon as it found out coverage was denied. The court found that the attorney then mailed a certificate of leave to plead. The court accordingly granted the motion to vacate the default judgment. Appellant assigns a single error on appeal:
 ASSIGNMENTS OF ERROR
APPELLANT'S FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT GRANTED APPELLEE'S MOTION TO SET ASIDE DEFAULT JUDGMENT BECAUSE SAID RULING WAS CONTRARY TO AND NOT SUPPORTED BY THE COMPETENT, ADMISSIBLE EVIDENCE ADDUCED AT THE EVIDENTIARY HEARING.
A movant for relief from judgment under Civ.R. 60 (B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. A.R.C. Industries, Inc. (1976),47 Ohio St.2d 146, syllabus two. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for an evidentiary hearing. BancOhio National Bank v. Schiesswohl (1988), 51 Ohio App.3d 130, syllabus one. At the hearing, the parties have the opportunity to present evidence. Cogswell v. Cardio Clinic of Stark County, Inc. (October 21, 1991), Stark App. No. CA-8553, unreported. At the end of the hearing, the court must determine whether the movant is entitled to relief under the GTE test, with the movant having the burden of persuasion that he is entitled to relief. Id. A motion for relief from judgment is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Appellant first argues the court erred in admitting the testimony of Richard Stanley concerning appellee's claim of a defense. Stanley testified that during his investigation in his capacity as secretary of the corporation, he discovered that appellee had made arrangements for dumping concrete and other materials at a place other than appellant's real property, and appellant was allowing companies other than appellee to dump materials on its site. Appellant objected to the testimony on the basis that Stanley lacked personal knowledge. After initially sustaining the objection and requiring appellee to lay a foundation, the court overruled the objection. The court noted that this was an evidentiary hearing as to whether there was potential for a meritorious defense, and not a trial. Tr. 106. The court allowed Stanley to testify as to matters he had some knowledge about, which he had gathered in his capacity as secretary of the corporation. Id. The court noted that Stanley had responsibility for the contract in question, which would include having knowledge of what occurred pursuant to the contract. Id. The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Evid.R. 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Mr. Stanley testified that was familiar with the various contractual obligations of appellee with respect to the hauling of material from the project in question in the instant case. Tr. 68. He testified that he prepared the contracts, and had been to the site where the concrete was dumped. Id. He testified that he had interviewed witnesses, including his own employees, concerning the validity of appellant's claim. His internal investigation revealed that appellee dumped no concrete or other "bad fill" on appellant's property. Tr. 72. Particularly in the context of a hearing on a Civ.R. 60 (B) motion, where the movant has only the burden of persuasion and not the burden of proof as at trial, the court did not abuse its discretion in allowing Richard Stanley to testify as to the result of his internal investigation as secretary of the corporation. The evidence demonstrated that Stanley had some personal knowledge of the events in question. Appellant also argues that appellee failed to carry its burden of persuasion as to both excusable neglect and a meritorious defense to the action. We first address the issue of whether appellee carried its burden of persuasion on the issue of excusable neglect. The concept of excusable neglect must be construed in keeping with proposition that Civ.R. 60 (B) is a remedial rule, to be liberally construed. Colley v. Bazell (1980),64 Ohio St.2d 243. The inquiry must take into consideration all the surrounding facts and circumstances, including whether the defendant promptly notified his carrier of the litigation, the lapse of time between the last day for filing a timely answer and the granting of a default judgment, the amount of the judgment granted, and the experience and understanding of the defendant with respect to litigation. Id. at 249. The trial court did not abuse its discretion in concluding, by applying the factors in Colley, that appellee had demonstrated excusable neglect. Appellee promptly notified its insurance carrier of the lawsuit. Although the insurance carrier indicated in the past that appellee was not covered for claims made by appellant, the insurance company had specifically requested that appellant forward the complaint once it was filed. The insurance company failed to send appellee a timely denial of coverage. Appellee did not neglect to act upon learning of denial of coverage; as soon as appellee found out that coverage was denied, it immediately hired an attorney. The lapse of time between the last day for filing an answer and the granting of the default judgment was eight days, and appellee waited only seven days after the default judgment to file the motion for relief. In addition, as noted by the court, appellant prayed for damages totaling $300,000. Taking into consideration all the facts and circumstances, the inaction of appellee did not evolve to the point where appellee demonstrated a complete disregard for the judicial system, as condemned in GTE, supra, at page 153. Appellant also argues that the court abused its discretion in finding that appellee had a meritorious defense to the action. As noted earlier, appellee need only present evidence to persuade the court of the potential of a meritorious defense. Appellee need not prove such defense at this stage of the proceedings. Appellee presented evidence that its paperwork demonstrated that all construction debris, including concrete and steel, went to another site. Additionally, appellee presented evidence that its paperwork demonstrated that only clean fill dirt went to appellant's site. Further, appellee presented some evidence that other parties were dumping materials on appellant's property. The court did not abuse its discretion in finding that appellee had presented a potential meritorious defense. The court did not abuse its discretion in granting the motion to set aside the default judgment.
The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, J., Wise, P.J., and Edwards, J., concur.