OPINION
Defendants-appellants Leonard Revels and Carolyn Edgein, Revels Home Improvement appeal from the June 17, 1999, and June 21, 1999, Judgment Entries of the Canton Municipal Court.
 STATEMENT OF THE FACTS AND CASE
In June of 1998, appellee Robert Sheaks and Revels Home Improvement entered into two contracts whereby Revels was to perform plumbing work at appellee's home. Appellant Leonard Revels signed the contracts on behalf of Revels Home Improvement. Appellee on August 13, 1998, filed a lawsuit against appellants in the Canton Municipal Court alleging that the plumbing work had been negligently performed. Robert Sheaks v. Leonard Revels and Carolyn Edgein, DBA Revels Home Improvement, Canton Municipal Court Case No. 98-CVF-4685. The case was assigned to Judge Mary Falvey, Thereafter, an answer was filed by counsel on appellants' behalf. On December 8, 1998, appellee voluntarily dismissed his complaint against appellants without prejudice. Appellee, on March 29, 1999, filed a new complaint for money damages against appellants Leonard Revels and Carolyn Edgein, DBA Revel's Home Improvement in the Canton Municipal Court, (Case No. 1999-CV-F-1749). This refiled complaint, which was captioned "Amended Complaint for Money Damages" and was assigned to Judge Richard Kubilus, was identical to the complaint that had been filed in the previously dismissed lawsuit. The face of the refiled complaint did not include the case number of the original action or the word "refiled".Appellants were served by certified mail with a copy of the summons and complaint on April 1, 1999. After appellants failed to file an answer to the new complaint, appellee filed a Motion for Default Judgment on May 12, 1999. Pursuant to a Judgment Entry filed the same day, the trial court granted appellee's Motion for Default Judgment against both appellants on the issue of liability. Seven days later, the trial court ordered that a hearing on damages be set for June 3, 1999, at 8:45 A.M. before Magistrate Taryn Heath. The face of the order indicates that a copy of the same was sent to each appellant, and the docket indicates copies were mailed on May 20, 1999. A damage hearing was held before Magistrate Taryn Heath on June 3, 1999. While both appellee and his counsel appeared at the hearing, neither appellant attended the damage hearing. Nor did counsel appear on their behalf. The Magistrate, pursuant to a report filed on June 3, 1999, recommended that Judgment be granted in favor of appellee and against appellants in the amount of $6,728.52 plus costs and 10% interest from May 19, 1999. Subsequently, on June 11, 1999, counsel entered an appearance on appellants' behalf and filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B). Appellant Leonard Revels, in the Affidavit attached to such motion, stated in part, as follows:
2. I do business as Revel's Home Improvement.
. . .
4. On December 8, 1998, a previous law suit against me for the same claims reported in 99-CVF-1749, Robert Sheaks vs. Leonard Revels and Carolyn Edgein, DBA Revels Home Improvement, Canton Municipal Court, Canton, Ohio, Case No. 98-CVF-4685 was voluntarily dismissed by Plaintiff.
5. On April 4, 1999, I received via certified mail the Complaint in Robert Sheaks vs. Leonard Revels, et al., in the Canton Municipal Court, Canton, Ohio, case no. 99-CVF-1749.
6. Without conferring with anyone, I mistakenly discarded the Complaint because I thought it related to the dismissed case referenced in paragraph four of this Affidavit.
7. Had I realized that the complaint had been re-filed, I would never have discarded it.
8. I have legitimate defenses to the law suit. My work was done properly, and I do not owe any money to Plaintiff. It is my intention to vigorously defend the charges against me and my company as I did in the previously dismissed case."
Appellants, on June 17, 1999, filed their Objections to the Magistrate's Report which dealt with damages. Appellants, in their objections, alleged, in part, that appellants' counsel had never received notice to appear at the June 3, 1999, hearing and that appellant Leonard Revels had received the notice to appear at such hearing after June 3, 1999. Pursuant to a Judgment Entry filed on June 17, 1999, the trial court overruled appellants' Motion for Relief from Judgment. Four days thereafter, the trial court denied appellant's Objections to the Magistrate's Report and, on its own motion, approved and confirmed the June 3, 1999, Magistrate's Report. It is from the June 17, 1999, and the June 21, 1999, Judgment Entries that appellants now prosecute their appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT.
 ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED WHEN IT DID NOT GRANT AN EVIDENTIARY HEARING TO DEFENDANTS AFTER IT FILED A MOTION FOR RELIEF FROM JUDGMENT THAT CONTAINED ALLEGATIONS OF OPERATIVE FACTS THAT SUPPORTED A MERITORIOUS DEFENSE.
 ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT WHEN IT WAS ALLEGED THAT DEFENDANTS DID NOT RECEIVE NOTICE OF THE DAMAGE HEARING UNTIL AFTER THE SCHEDULED HEARING DATE AND DEFENDANTS WERE THEREFORE UNABLE TO REBUT ANY CLAIMS OF THE ALLEGED DAMAGES INCURRED BY PLAINTIFF.
 ASSIGNMENT OF ERROR IV
THE TRIAL COURT ERRED IN DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT BECAUSE IT IMPROPERLY AWARDED DAMAGES AGAINST CAROLYN EDGEIN.
 I, II
Appellants, in their first two assignment of error, maintain that the trial court abused its discretion in denying appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B) and in failing to grant appellants an evidentiary hearing on such motion. A movant, to prevail on a motion brought pursuant to Civil Rule 60(B), must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment order or proceeding was entered or taken. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A movant is entitled to an evidentiary hearing on a motion brought pursuant to Civ.R. 60(B) for relief from judgment where the motion and the affidavit accompanying the same contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. See Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19 and BancOhio Nat'l. Bank v. Schiesswohl (1988), 51 Ohio App.3d 130, paragraph one of the syllabus. If a movant fails to allege operative facts that, if true, would be sufficient to establish each of the elements of the GTE test, the movant is not entitled to an evidentiary hearing. State ex rel. Richard V. Seidner (1997), 78 Ohio St.3d 116, 117. We must, therefore, determine whether appellants' motion and the accompanying affidavit contain allegations of operative facts, which if proven to be true, would warrant relief under Civ.R. 60(B). The first issue for determination is whether appellants have alleged operative facts which would give rise to a meritorious claim or defense. As in a summary judgment proceeding, the movant must support his claim of a defense with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216,220. If the motion, and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for an evidentiary hearing. See Schiesswohl, supra. As is stated above, appellant Leonard Revels, in the Affidavit attached to the Motion for Relief from Judgment, specifically stated in part as follows: "I have legitimate defenses to the lawsuit. My work was done properly, and I do not owe any money to Plaintiff." We find, based upon such Affidavit, that appellants have submitted material of evidentiary quality supporting their Civ.R. 60(B) motion. Thus, appellants have alleged operative facts which would support a meritorious defense to the judgment. The next issue for determination is whether appellants have alleged operative facts which would support one of the grounds for relief under Civ.R. 60(B)(1) through (5). Appellants, in their brief, specifically maintain that they are entitled to relief under Civ.R. 60(B)(1) on the basis that the judgment was entered due to mistake, inadvertence, or excusable neglect. Appellants further argue that they are entitled to relief from judgment under Civ.R. 60(B)(5) since justice requires a relief from judgment. Appellant Leonard Revels, in the Affidavit attached to appellants' Motion for Relief, expressly stated that he had "mistakenly discarded the Complaint [in the case sub judice] because I thought it related to the dismissed case" and that, had he realized that the complaint had been refiled, he would have never discarded the same. Appellants, therefore, have arguably alleged operative facts which support one of the grounds for relief under Civ.R. 60(B). The final issue for determination is whether appellants filed their Motion for Relief from Judgment pursuant to Civ.R. 60(B) within a reasonable time. As is stated above, the trial court, pursuant to a Judgment Entry filed May 12, 1999, granted appellee's Motion for Default Judgment against appellants on the issue of liability. Thereafter, pursuant to a Judgment Entry filed eight days thereafter, the trial court set a damage hearing for June 3, 1999. Appellants' Motion for Relief from Judgment was filed on June 11, 1999. Thus, appellants' motion was filed approximately one month after a default judgment was granted against appellants on the issue of liability. We find, therefore, that appellants' 60(B) motion is not, on its face, untimely. Based on the foregoing, we hold that appellants' Motion for Relief pursuant to Civ.R. 60(B) and the accompanying Affidavit contained sufficient allegations of operative facts which would entitle appellants to an evidentiary hearing on such motion. The trial court, therefore, abused its discretion in failing to hold an evidentiary hearing. We, however, make no determination as to whether appellants should be granted Civ.R. 60(B) relief. Accordingly, appellants' second assignment of error is sustained, whereas appellants' first assignment of error is rendered moot.
 III
In their third assignment of error, appellants contend that the trial court erred in denying appellants' Objections to the Magistrate's Report when it was alleged that appellants did not receive notice of the damage hearing until after the scheduled hearing date. Appellants, in their June 17, 1999, Objections to the Magistrate's Report, state, in relevant part, as follows: "1) While the Magistrate correctly found that the Defendants were not present for the June 3, 1999, hearing, Defendants' attorney asserts that, to the best of his knowledge, information and belief, Leonard Revels received the Notice to Appear after June 3, 1999. 2) Defendants' attorney never received the Notice to Appear."
Appellants further contend that, for such reason, they had no idea that a damage hearing was taking place and, that had they received proper notice of the same, they would have attended and presented evidence and testimony rebutting appellee's claims. The trial court's order establishing a damage hearing for June 3, 1999, was filed on May 19, 1999. The order, on its face, indicates that a copy of the same was sent to both Leonard Revels dba Revels Home Improvement, Defendant, and Carolyn Edgein dba Revels Home Improvement, Defendant. In addition, the trial court's docket indicates that the notices were sent by mail. While appellants assert that they did not receive notice of the June 3, 1999, damages hearing until after such hearing was held, appellants did not present the trial court with a sworn affidavit stating that they did not receive the trial court's May 19, 1999, order establishing the damages hearings until after the scheduled hearing date. See, in contrast, Nationwide Ins. Co. v. Mahn (1987), 36 Ohio App.3d 251. Nor is there any evidence in the trial court's record that such order, which was filed approximately two weeks before the damage hearing and sent by ordinary mail, was not received by appellants before the damage hearing. Appellants also set forth in their objection that their attorney did not receive notice of the damages hearing. However, appellants had no counsel of record when the damage hearing notice was sent out. Therefore, the trial court could not have sent appellants' counsel notice at that time. For the foregoing reasons, appellants third assignment of error is overruled.
 IV
Appellants, in their fourth and final assignment of error, argue that the trial court abused its discretion when it denied appellants' Objections to the Magistrate's Report because such report awarded damages against Carolyn Edgein. Appellants, in their brief, specifically contend that Carolyn Edgein "had no ownership interest or other legally significant interest on which legal liability could be based in Revels Home Improvement. Edgein was not a party to the contract entered into between Revels and Sheaks, and Edgein did not perform any of the allegedly negligent work nor have any connection to it. Had Revels received notice of the damage hearing, he would have been able to present evidence to this effect." However, the issue of appellant Carolyn Edgein's liability had been determined in the trial court pursuant to the trial court's May 12, 1999, Judgment Entry granting appellee judgment against both appellants on the issue of liability. Therefore, an objection to the Decision of the Magistrate regarding the amount of damages could not result in relief from the trial court's May 12, 1999, Judgment finding liability. Accordingly, appellants' fourth assignment of error is overruled.
The June 17, 1999, Judgment of the Canton Municipal Court is reversed. This matter is remanded for an evidentiary hearing on appellants' Motion for Relief from Judgment pursuant to Civ.R. 60(B) and for further proceedings as necessary pursuant to this opinion. The June 21, 1999, Judgment of the Canton Municipal Court is affirmed.
 ______________________ EDWARDS, J.
FARMER, J. concurs, HOFFMAN, P.J. concurs in part; dissents in part.