OPINION
Plaintiff-appellant Frank Zink ("husband") appeals the December 18, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion for relief from judgment and finding him guilty of contempt. Defendant-appellee is Barbara Zink ("wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on June 27, 1981, in Canton, Ohio. One child was born as issue of said union, to wit: Sarah (DOB 9/8/83). On July 14, 1986, the parties filed a Petition for Dissolution of Marriage. The parties attached and incorporated a signed Separation Agreement with the petition. The trial court dissolved the marriage via Decree of Dissolution filed September 9, 1986. The trial court approved and incorporated the parties' Separation Agreement as part of the Decree.
Section 4 of the Separation Agreement, addresses custody, visitation, and support and states, "In the event that the minor child of the parties hereto, pursues a secondary education on the school year following her graduation from high school, [husband] shall pay the sum $200.00 per month, as and for child support, for an additional four (4) years, or until such time as said child completes or terminates her secondary education, whichever event occurs first." Section 5 of the Separation Agreement, which addresses alimony, provides, "husband's obligation to pay alimony as herein provided, shall terminate * * * in the event the husband's obligation to pay child support, as herein above described, shall terminate. Further, if the husband's obligation to pay child support shall extend beyond September 8, 2001, he shall be required to continue the above described alimony payment for only so long as he is required to pay child support." Additionally, in Section 12 of the Separation Agreement, the parties granted the trial court "further jurisdiction over this Agreement and the parties hereto and [granted] to the Court authority to modify any terms of this Agreement, including provision for alimony as may be in the best interest of the parties hereto and to do equity between or among the parties, just as if this Agreement was originally decreed by the Court as being it's [sic] judgment entry."
The parties' daughter, Sarah, graduated from Perry High School in the Spring of 2001. With scholarships and grants to finance her secondary education, Sarah enrolled at the University of Toledo in August, 2001. Sarah turned 18 years old on September 8, 2001. Thereafter, on October 2, 2001, husband filed a Motion to Vacate pursuant to Civ.R. 60(B)(4), (5) and Motion to Modify. Husband specifically sought to vacate the portions of the Separation Agreement which required him to continue to pay child and spousal support. The trial court scheduled a non-evidentiary hearing for December 17, 2001. On December 3, 2001, wife filed a Motion to Appear and Show Cause, asking the trial court for an order requiring husband to appear and show cause why he should not be sentenced for contempt for failing to abide by Sections 4 and 5 of the Separation Agreement. Via Judgment Entry filed December 3, 2001, the trial court ordered husband to appear and show cause on December 17, 2001. The trial court heard arguments by the parties' attorneys as to the motions. Via Judgment Entry filed December 18, 2001, the trial court denied husband's Civ.R. 60(B) motion and found husband in contempt of court.
It is from this judgment entry husband appeals, raising the following assignments of error:
 "I. THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF CONTEMPT FOR "ESCROWING" HIS CHILD AND ALIMONY SUPPORT PAYMENTS WITHOUT TAKING IN ANY EVIDENCE ON THE MATER AND DESPITE THE UNCONTROVERTED REPRESENTATIONS OF COUNSEL THAT APPELLANT HAD MADE ALL OF HIS SUPPORT PAYMENTS WHEN DUE THROUGH AND INCLUDING THE DATE OF THIS HEARING.
 "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CIV. R. 60(B)(4) MOTION AND FAILED TO GRANT APPELLANT AN EVIDENTIARY HEARING DESPITE THE FACT THAT APPELLANT PROVIDED SUFFICIENT FACTS WHICH DEMONSTRATED HE HAD A MERITORIOUS CLAIM AND WAS ENTITLED TO RELIEF UNDER THE RULE."
 I.
In his first assignment of error, husband maintains the trial court erred in finding him guilty of contempt without conducting an evidentiary hearing.
At the December 17, 2001 non-evidentiary hearing, Attorney Lorrie Fuchs, counsel for husband, advised the trial court, since the filing of his Civ.R. 60(B) motion, husband had made his child and spousal support payments directly to Child Support Enforcement Agency and had asked the agency to hold said amounts in escrow until the court ruled on the motion. Prior to this time, husband had being paying his child and spousal supports directly to wife. Attorney Fuchs stated she was unaware CSEA did not have a file in this matter until a couple of weeks before the December 17, 2001 hearing. Tr. at 6.
Although the evidence reveals husband's payment of the support amounts to Child Support Enforcement Agency was, in a sense, a willful disregard of the trial court's earlier order which required husband to make payments directly to wife, we find no intention on the part of husband to violate said order. Husband stayed current with his payments to CSEA. Husband made those payments to CSEA at the suggestion of his attorney, who was under the mistaken belief husband had been paying the amounts to CSEA all along. Furthermore, the evidence verified the money was actually paid to CSEA. Based upon the foregoing, we reverse the trial court's finding husband in contempt.
Husband's first assignment of error is sustained.
 II.
In his second assignment of error, husband contends the trial court erred in denying his Civ.R. 60(B) motion and in failing to grant him an evidentiary hearing relative thereto.
A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, 351 N.E.2d 113. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. Matson v. Marks (1972), 32 Ohio App.2d 319, 327, 291 N.E.2d 491. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 220,394 N.E.2d 348. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. BancOhio Natl. Bank v. Schiesswohl (1988),51 Ohio App.3d 130, paragraph one of the syllabus, 554 N.E.2d 1362. Bare assertions of fact do not entitle the movant to relief or to a hearing on the motion to set aside the judgment. Mount Vernon Farmer's Exchange v.McKee, Knox 5th App. No. 98-CA-27 (Citations omitted).
At the December 17, 2001 non-evidentiary hearing, Attorney Fuchs requested the trial court conduct a hearing relative to husband's Civ.R. 60(B) motion on at least two occasions:
 "As a result of [the parties' daughter] receiving scholarships and grants that pay 100% of her expenses, the situation that we have at this point is either one, there are no college tuition expenses therefore the enforce ability [sic] of [Sections 4 5 of the Separation Agreement] are, are no longer equitable or two, the only expenses she has if the court find those covered by the provision of the separation agreement, would be her basic living expenses . . . [husband] technically would be paying more than I think he was intending to be paying under the agreement. If she has no tuition expenses, and the only thing that she has is her living expenses effectively [husband] paying 100% of her college expenses which could not in any way been . . . what was gleaned in this agreement, since I've already articulated for the court that there's no question in anybody's mind that $2,400 a year would not pay 100% of a child college expenses. Therefore your honor we respectfully ask for it to set aside provisions of paragraphs 4 5 as it relates to this or at least have an evidentiary hearing on the issue of what exact expenses this minor child has, and what the parties intentions were when he entered into this agreement, and for the court to make a determination of whether the enforce ability [sic] of this agreement . . . is equitable . . . in the future. * * *
"So I would respectfully submit to the court, though I think there is some open ended as to what was intended by these parties. Clearly the fact that $200.00 a month or $136.00 a month is not going to cover 100% expenses. You don't need to get to that point, because I'm suggesting that because of the circumstances of this child. With regards to spousal support that it should no longer be valid and enforceable under 60 B(4). You don't need to find any ambiguity in the clause. I want the court [to] realize that [husband] is certainly proud of his daughter and [will not] sit here [and] say he didn't have a great part to that. He was a very involved father financially and emotionally to get this child where she is. But the basic bottom line is, at this point the money that's being paid is a complete win fall [sic] to [wife]. It is not anything with regards to this minor child. This minor child has because of her hard working with the persistence of both her parents done well. To enforce this would be a complete win fall [sic] to [wife] and I respectfully request the court that I believe that there's, there's . . . a hearing here to be had as to what the actual costs are . . . that this child [actually has] if any. . . . for this court to make a [determination] as to whether one, there should be a modification of child support, and two whether there provisions with regard to spousal support should be unilaterally enforced." Tr. at 5-6, 10-11.
The language of Section 12 of the Separation Agreement clearly sets forth the parties' intent for the trial court to reserve jurisdiction over any child and spousal support matters. Wife counters, once the minor child obtained the age of 18 years on September 8, 2001, the trial court lost subject matter jurisdiction to modify support. Wife explains the only means by which the trial court retains jurisdiction to enforce the Separation Agreement providing for the support of the child beyond the age of majority is through the authority of R.C. 3105.10(B), which provides: "(B)(1) A separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas.
"(2) A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.
"(3) If a court of common pleas has a division of domestic relations, all cases brought for enforcement of a separation agreement under division (B)(1) or (2) of this section shall be assigned to the judges of that division."
We do not find R.C. 31.05.10(B) is a bar to the trial court's jurisdiction over the instant matter. Absent such a statutory bar, and with the parties' reservation of the trial court's jurisdiction in the Separation Agreement, we find the trial court would have the ability to modify the agreement; therefore, the trial court should have granted a hearing relative thereto.
Husband's second assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with this opinion and the law. Costs assessed to appellee.