{¶ 25} I respectfully dissent from the decision of the majority, and would instead reverse the trial court's order denying Defendant-Appellant's motion to suppress evidence, relying on our previous finding that the search that produced the evidence was illegal.
 {¶ 26} In State v. Hardy (May 17, 2002), Montgomery App. No. 19029, 2002-Ohio-2371, the second and most recent appeal of this case, we entered a general remand pursuant to App.R. 27 that required the trial court to conduct further proceedings consistent with our opinion. The opinion questioned the sufficiency of the process by which Detective Gebhart's addendum concerning the Owens Drive premises had been "approved" by the trial court. I agree with Judge Fain that, on remand, the trial court made the findings our remand required. However, our opinion in Hardy had rendered any issues in that regard moot on a holding that "the search warrant was invalid on its face for the Owens Drive address and the detective could not have relied on it in good faith."Id., at p. 8.
 {¶ 27} Our concern regarding the addendum related to the holdings in State v. Owens (1975), 51 Ohio App.3d 132, and State v. Thurman (July 2, 1991), Montgomery App. No. 12420, which involve the requirements for second warrants, and the trial court's failure to make evidentiary findings in that connection on our remand in the first appeal. State v.Hardy (Jan. 26, 2001), Montgomery App. No. 18031. Those matters were, however, a red herring that diverted attention from the real issue, which was whether the search of the Owens Drive premises was authorized by the warrant that had issued to search the premises on Stormont Road. We answered that question in the negative, which ought to have concluded any further inquiries about the motion to suppress the court had denied. Why it did not is unclear.
 {¶ 28} Faced with a general remand in Case No. 19029, based on an internally inconsistent opinion, the trial court could not do other than it then did. However, the court's compliance doesn't resolve the issue that each of Defendant-Appellant's three appeals has presented: whether the trial court erred when it denied her motion to suppress evidence seized in the search of the Owens Drive premises.
 {¶ 29} Warrants to search must particularly describe the place to be searched. Fourth Amendment, Constitution of the United States; ArticleI, Section 14, Ohio Constitution; R.C. 2933.22(A); Crim.R. 41(C). Manifestly, a warrant authorizing a search of one location cannot authorize the search of another which is wholly separate from the first.
 {¶ 30} The warrant that issued to search the premises at 3819 Stormont Road, in Trotwood, could not authorize a search of the premises at 4444 Owens Drive, in Huber Heights. Neither could a trained officer in good faith believe that it did. Defendant-Appellant's motion sought to suppress evidence seized in that search. The trial court erred when it denied the motion. I would reverse the order denying the motion as well as Defendant-Appellant's conviction, and enter a mandate requiring the trial court to grant the motion and to then conduct further proceedings on the State's prosecution of Defendant-Appellant on the charges against her.