DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joann Jacobson ("Jacobson"), has appealed from the decision of the Summit County Court of Common Pleas, which denied her motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.
 I. {¶ 2} Jacobson is the mother of J.J., a minor child. J.J. was taken into the emergency temporary custody of CSB in July of 2001. CSB moved for permanent custody of J.J. on May 1, 2002. Following a hearing, the trial court terminated Jacobson's parental rights and placed J.J. in the permanent custody of CSB. This court affirmed that decision on December 21, 2002. See Inre J.J. v. Joann Jacobson (Dec. 21, 2002), 9th Dist. No. 21226, 2002-Ohio-7330.
 {¶ 3} Jacobson filed a motion for relief pursuant to Civ.R. 60(B) on July 31, 2003. The trial court denied that motion without first holding a hearing.
 {¶ 4} Jacobson timely appealed, raising one assignment of error.
 II. Assignment of Error
"The trial court committed reversible error when it abused its discretion in denying the appellant's rule 60(b) motion request."
 {¶ 5} In her sole assignment of error, Jacobson maintains that the trial court erred by denying her motion for relief pursuant to Civ.R. 60(B) without first conducting an evidentiary hearing. We disagree.
 {¶ 6} The decision whether or not to hold an evidentiary hearing on a Civ.R. 60(B) motion is committed to the discretion of the trial court. BancOhio Natl. Bank v. Schiesswohl (1988),51 Ohio App.3d 130, 131. A trial court abuses that discretion, however, when it denies a Civ.R. 60(B) motion without first holding a hearing, when the motion and affidavits contain allegations of operative facts that, if true, would warrant relief under Civ.R. 60(B). Id.
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment or order or proceeding was entered or taken. GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} Civ.R. 60(B) provides the following five grounds for relief:
"(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 9} In her initial Civ.R. 60(B) motion, Jacobson alleged that she was entitled to relief on the basis of "newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial; fraud or misrepresentation, including misconduct of an adverse party; and other reasons justifying relief from the August 2, 2002 judgment." In the affidavit filed in support of that motion, Jacobson explained only that she sought relief because "certain acts of fraud and misrepresentation were committed to her detriment."
 {¶ 10} As the trial court noted, the Civ.R. 60(B) motion and the accompanying affidavit contain no allegations of operative facts. Rather, they merely echo the language of Civ.R. 60(B)(2), (3), and (5). In addition to the initial motion and affidavit, however, Jacobson also filed a brief and a second affidavit. In that second round of materials, Jacobson did allege operative facts in support of her Civ.R. 60(B) motion. While the trial court noted that it did not give Jacobson leave to file the supplemental information contained in the brief and the second affidavit, it did consider that information in its denial of Jacobson's motion. Therefore, this court will also consider the allegations raised in those two documents.
 {¶ 11} In her brief and second affidavit, Appellant proffered three averments in support of her Civ.R. 60(B) motion. First, Appellant asserted that she was surprised when the person appointed to serve as her medical conservator testified against her at the permanent custody hearing. Next, Appellant alleged that a piece of the conservator's testimony is contradicted by newly discovered medical records. Finally, Appellant alleged that the CSB committed fraud, by forging her signature on a case plan.
 {¶ 12} We will first address Appellant's allegations relating to the testimony of the conservator. In a pretrial order, the trial court made clear that, although Appellant's medical conservator was an attorney, she did not serve Appellant in that capacity. The trial court concluded that the conservator's proposed testimony was therefore not privileged. Notwithstanding this order, Appellant maintained, in her second affidavit, that she believed that her medical conservator did serve as her attorney, and that she was surprised when the conservator testified against her at the permanent custody hearing. Appellant further alleged that newly discovered medical records directly contradict a piece of the conservator's testimony, which, Appellant maintains, conveyed the incorrect insinuation that Appellant ripped certain stitches in J.J.'s mouth following an operation.
 {¶ 13} Appellant has previously challenged the admission of the conservator's testimony, in her direct appeal to this court. This court rejected that challenge. See In re: J.J. v. JoannJacobson (Dec. 31, 2002), 9th Dist. No. 21226, 2002-Ohio-7330, at 11. Appellant's new arguments in support of that challenge, that she was surprised and that she understood that the conservator was her attorney, could have been raised in her direct appeal, and are now barred by res judicata. Additionally, the record indicates that the specific piece of the conservator's testimony which Appellant now seeks to controvert, with newly discovered evidence, played no part in the decision of the trial court to grant permanent custody to CSB, or in this court's decision affirming that grant of custody. The trial court made no reference to the torn stitches in its detailed exposition of the factors underlying its decision to award permanent custody of J.J. to CSB. This court affirmed the trial court's decision without reference to those stitches, relying instead upon an abundance of other evidence disfavorable to Appellant.
 {¶ 14} Likewise, the record indicates that the case plan bearing the allegedly forged signature played no part in the decisions of the trial court and this court. The trial court made no reference to the case plan bearing the disputed signature in its explanation of the factors underlying its decision, and this court affirmed that decision without reference to the case plan. Additionally, Appellant previously raised the very same allegation of forgery, at a pretrial status hearing. The trial court addressed that allegation and explained that any forgery of Appellant's signature on the case plan was of no relevance, stating in its order that "[w]hether or not Ms. Jacobson agreed with the terms of a voluntary Case Plan or complied with the same prior to the initiation of formal proceedings in the instant matter is not of consequence nor is it even being offered by CSB in support of its pending Permanent Custody Motion."
 {¶ 15} In light of the foregoing, we conclude that none of the three allegations raised by Appellant in her brief and second affidavit, if true, would provide the basis for a meritorious defense or claim if Civ.R. 60(B) relief were granted. Therefore, the trial court did not abuse its discretion by denying that relief without first holding an evidentiary hearing. Appellant's assignment of error is overruled.
 III. {¶ 16} Appellant's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.