OPINION *Page 2 
{¶ 1} On October 28, 2005, appellant, Susan Wright-Long, and appellee, Richard Long, were granted a dissolution of their marriage. The Decree of Dissolution incorporated a Separation Agreement executed on September 6, 2005 and an Addendum to Separation Agreement executed on October 28, 2005.
 {¶ 2} On October 26, 2006, appellant filed a motion to vacate the dissolution decree pursuant to Civ.R. 60(B), claiming she lacked competence to enter into the separation agreement and addendum thereto, and appellee failed to disclose all of his assets. By judgment entry filed February 13, 2007, the trial court denied appellant's motion, without hearing.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 I {¶ 5} Appellant claims the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment. We agree.
 {¶ 6} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARC Industries, *Page 3 
Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 7} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 8} In her motion for relief, appellant argued she lacked competence to enter into the separation agreement and addendum thereto, and appellee failed to disclose all of his assets pertaining to his stucco and painting businesses.
 {¶ 9} The threshold issue raised by this appeal is whether the trial court should have conducted an evidentiary hearing on the issues raised in appellant's affidavits attached to her motion. The docket indicates the matter was set for a "non-oral hearing" on January 17, 2007. Appellee's memorandum contra and supporting affidavits were not filed until January 31, 2007, after the "hearing." By judgment entry filed February 13, 2007, the trial court denied appellant's motion, finding the following:
 {¶ 10} "The Court finds Wife's assertions of incompetence unsubstantiated.
 {¶ 11} "There is no dispute that Wife was represented throughout the process of the Dissolution by counsel. In view of that and the fact that Wife is not entitled to any property of Husband by reason of her having signed the prenuptial agreement, this Court cannot find that the Separation Agreement and Addendum to the Separation Agreement resulted in an unconscionable settlement for the Wife." *Page 4 
 {¶ 12} The pertinent affidavits for appellant are of appellant and her doctor, Edna Jones, M.D., and for appellee, Jeremy Dexter and W. David Swetnam, both employees of appellee. The affidavits of Mr. Dexter and Mr. Swetnam specifically contradict sworn statements in appellant's affidavit. The material and relevant contradictions concern appellant's knowledge of the sale of appellee's businesses, and her participation in the operation of the businesses during the two year marriage.
 {¶ 13} The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in Cogswell v. Cardio Clinic of StarkCounty, Inc. (October 21, 1991), Stark App. No. CA-8553. InCogswell, this court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. Cogswell;BancOhio National Bank v. Schiesswohl (1988), 51 Ohio App.3d 130.
 {¶ 14} Based upon the material factual issues raised in the affidavits, we find the trial court should have conducted an evidentiary hearing. Further, the affidavit as to appellant's competency was unchallenged and should have been resolved during an evidentiary hearing as to whether the issue met the requirements of GTE Automatic.
 {¶ 15} The sole assignment of error is granted. *Page 5 
 {¶ 16} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed and remanded.
 By Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1