[Cite as *Healy v. Healy*, 2011-Ohio-5399.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96682**

# LISA HEALY

PLAINTIFF-APPELLANT

vs.

# PAUL HEALY

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-332625

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEY FOR APPELLANT**

Sarah Gabinet
Kohrman Jackson & Krantz PLL
1375 East Ninth Street
One Cleveland Center, 20th Floor
Cleveland, OH   44114


**ATTORNEY FOR APPELLEE**

Randall M. Perla
19443 Lorain Road
Fairview Park, OH   44126


SEAN C. GALLAGHER, J.:

{¶ 1}   This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2}   Plaintiff-appellant Lisa Healy ("Lisa") appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, that denied her Civ.R. 60(B) motion for relief from judgment.   For the reasons stated herein, we affirm the judgment of the trial court.

{¶ 3}   On July 22, 2010, Lisa filed a complaint for divorce from defendant-appellee Paul Healy ("Paul").   The trial court issued a judgment entry of divorce in January 2011, which incorporated a separation agreement and an addendum that were entered into by the parties.   These documents covered, among other terms, property division and spousal support.   The separation agreement was silent as to the

issue of insurance benefits and did not require either party to maintain health insurance for the other.

{¶ 4} Prior to their divorce, Lisa sent an email to Paul requesting COBRA cost information. Lisa requested this information because her health insurance coverage was through Paul's employer and would terminate upon divorce. Paul sent an email response indicating as follows:

{¶ 5} "To participate in COBRA, the process begins with Lisa and is completely controlled by Lisa. I have nothing to do with the COBRA process. I have neither influence on the process nor even knowledge if Lisa chooses COBRA (or not). Lisa's coverage with me will end the day of the divorce. To experience no gap in coverage, Lisa will first need to obtain a copy of the divorce document. With that document in hand, Lisa should then call (the next day) the NYCB Benefits Unit [631-650-8779]. The NYCB Benefits Unit will guide Lisa on how to successfully enroll into COBRA with no gap in coverage. Lisa's monthly COBRA costs will be $341.11."

{¶ 6} On March 11, 2011, Lisa filed a Civ.R. 60(B) motion for relief from judgment. She asserted she relied on Paul's statement concerning the amount of COBRA premiums and that this was one of the major considerations in negotiating spousal support. She claimed she was surprised to discover Paul had changed his insurance during open-enrollment in November 2009 to a high-deductible plan. She further asserted that her COBRA premiums would be $374.11 per month, not $341.11 as represented by Paul.

**{¶ 7}** In opposing the motion, Paul argued that spousal support was not premised upon Lisa's ability to obtain health insurance, that it was incumbent upon Lisa to explore her health insurance options, that the evidence does not establish that a misrepresentation was made, and that Lisa was free to obtain health insurance from another provider if she felt COBRA was too expensive.

**{¶ 8}** The trial court denied Lisa's motion without an evidentiary hearing. Lisa timely filed this appeal challenging the ruling.

**{¶ 9}** "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. If any of these three requirements is not met, the motion should be overruled. The question of whether relief should be granted is addressed to the sound discretion of the trial court." (Citations omitted.) *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. An evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362. We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse-of-discretion standard. *Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20.

**{¶ 10}** The timeliness of Lisa's motion is not disputed. Indeed, Lisa filed her motion within three months of the judgment entry of divorce. However, she failed to

demonstrate that she is entitled to relief from judgment under any of the grounds provided in Civ.R. 60(B)(1)-(5).

{¶ 11} Under Civ.R. 60(B), a party is entitled to relief from judgment where there is (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief. Lisa claims she is entitled to relief from the spousal support award because she had no knowledge that Paul had changed their health insurance coverage, resulting in significant financial consequences that she had not anticipated when she negotiated spousal support. She claims she was surprised by the discovery of this information and that Paul misrepresented the cost of the COBRA premiums.

{¶ 12} Upon our review, we find Lisa failed to satisfy her burden of showing operative facts to prevail upon a motion for relief from judgment. The record reflects that the separation agreement contained no provision with regard to maintaining health insurance for the benefit of a spouse. As such, there were no restrictions on insurance coverage and Paul was under no obligation to maintain healthcare coverage for Lisa. The email sent from Paul provided her with the contact information for COBRA and clearly indicated that coverage would not be maintained following the divorce. Lisa could have made her own inquiries to verify her healthcare costs and to explore her healthcare options prior to entering into the separation agreement and cannot now claim

inadvertence, surprise, or excusable neglect. Further, the evidence does not support a finding that Paul knowingly made any misrepresentation of material fact with the intention of misleading Lisa. While the amount of Lisa's healthcare coverage was higher than she anticipated, this was not a condition of spousal support. A party cannot rely on Civ.R. 60(B) to vacate a settlement agreement because of a change in finances when the party should have considered such a change in negotiating the settlement. See *Pumper v. Pumper*, Cuyahoga App. No. 93916, 2010-Ohio-4131, ¶ 20.

{¶ 13} Finding no abuse of discretion, we affirm the decision of the trial court.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR